

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Railroad Commission of Texas
Austin, Texas

Gentlemen:     ATTENTION: Mr. WALLACE HUGHSTON, Director
                          Motor Transportation Division

                          Opinion No. O-5370
                          Re: Notice required under
                              Texas Motor Carrier
                              Act.

Your letter of June 8, 1943, requests our opinion on the following questions:

"Upon the filing of an application for a common carrier certificate, to whom should the notices be sent?

"Upon the filing of an application for a contract carrier permit, to whom should notices be sent?

"Upon the filing of an application for a specialized motor carrier certificate, to whom should the notices be sent?

"Upon the filing of an application for sale and transfer of a certificate, is it or not necessary for notices to be issued for such hearing, and to whom should they be sent?"

The Motor Carrier Act creates three classifications of carriers: common, contract and specialized motor carrier. There are now 1361 carriers holding permits in these three

...ATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTOR...

Railroad Commission of Texas, page 2

classifications. You stated orally that it had been the custom of the Railroad Commission in the past to issue notices to each of the permit holders when an application is made for a permit, regardless of the type of permit sought. Your first three questions relate to the necessity of this practice.

Article 911a, Vernon's Annotated Civil Statutes, is a comprehensive regulatory statute, covering motor bus transportation. It provides for application to be made by one seeking a permit to operate motor buses over the highways of this State.. Section 8 of such Article provides:

"Upon the filing of said application the Commission shall fix a time and place for hearing, and the place of hearing shall be the city of Austin, Texas, unless otherwise ordered by said Commission. Notice of the filing of said application, and the time and place of hearing shall be given by mail not less than ten days exclusive of the day of mailing before such hearing, <u>addressed to the owner or owners of existing transportation facilities over the highways, serving such territory as applicant seeks to serve,</u> as well as to the Highway Commission of the State of Texas, the County Judge or Judges of the Counties and to the Mayor of any incorporated city or town, through which such motor carriers seek to operate." (Underscoring ours)

Article 911b, Vernon's Annotated Civil Statutes, regulates motor carriers who transport property for hire over the public highways of this State. They are divided into contract carriers and specialized motor carriers. The Act makes provision for obtaining a permit, and Section 11 thereof reads:

"Upon the filing of said application for a certificate or permit, the Commission shall fix a time and place for hearing, and the place of hearing shall be in the City of Austin, Texas, unless otherwise ordered by the Commission. Notice of the filing of said application, and the time and place of hearing, shall be given by mail not

less than ten (10) days, exclusive of the day of
mailing before such hearing, addressed to the owner
or owners of existing transportation facilities
serving such territory as applicant seeks to serve,
as well as to the Highway Commission of the State
of Texas, the County Judge or Judges of the counties
and to the mayor of any incorporated city or town
through which such carrier seeks to operate." (Under-
scoring ours)

A careful search of the authorities of this State
does not reveal that the Courts have ever considered the question
of who, under the above statutory provisions are "owners of
existing transportation facilities over the highways,' serving
such territory as applicant seeks to serve." We believe that
such words are clear and unambiguous and require no construc-
tion. We believe that notice of a pending application is re-
quired to be sent to all competing transportation agencies
within that territory sought to be served by the new applicant.
The existence of transportation agencies within any given terri-
tory is a matter peculiarly within your knowledge and ascertain-
able from your records.

In answer to your first three questions, which we
dispose of as one, it is our opinion that you are not required
to give notice of a pending application to all carriers operat-
ing within this State if you are able to ascertain from your
records who "the owners of existing transportation facilities
* * * serving such territory as applicant seeks to serve," are.
Having determined who these interested parties are, notice to
them, as well as to the officials named in the statute, will be
sufficient.

Paragraph two of Section 5, Article 911b, Vernon's
Annotated Civil Statutes, provides, in part:

"Any certificate held, owned or obtained by any
motor carrier operating as a common carrier under the
provisions of this Act may be sold, assigned, leased,
transferred or inherited; provided, however, that any
proposed sale, lease, assignment or transfer shall be
first presented in writing to the Commission for its
approval or disapproval, and the Commission may dis-
approve such proposed sale, assignment, lease or trans-

Railroad Commission of Texas, page 4

for if it be found and determined by the Commission that such proposed sale, assignment, lease or transfer is not in good faith or that the proposed purchaser, assignee, lessee or transferee is not able or capable of continuing the operation of the equipment proposed to be sold, assigned, leased or transferred in such manner as to render the services demanded by the public necessity and convenience on and along the designated route, or that said proposed sale, assignment, lease or transfer is not best for the public interest; * * *"

Paragraph two of Subdivision (a), Section 5a, Article 911b, Vernon's Annotated Civil Statutes, provides, in part:

"Any certificate held, owned, or obtained by any motor carrier operating as a 'specialized motor carrier' under the provisions of this Act, may be sold, assigned, leased, transferred, or inherited; provided, however, that any proposed sale, lease, assignment, or transfer shall be first presented in writing to the Commission for its approval or disapproval, and the Commission may disapprove such proposed sale, assignment, lease or transfer if it be found and determined by the Commission that such proposed sale, assignment, lease, or transfer is not in good faith or that the proposed purchaser, assignee, lessee, or transferee is not able or capable of continuing the operation of the equipment proposed to be sold, assigned, leased, or transferred in such manner as to render the services demanded by the public necessity and convenience in the territory covered by the certificate, or that said proposed sale, assignment, lease, or transfer is not best for the public interest; * * *"

Section 6, Subdivision (f) of Article 911b, Vernon's Annotated Civil Statutes, provides, in part:

"Any contract carrier permit held, owned, or obtained by any motor carrier operating under the

provisions of Section 6 may be sold, assigned,
leased, transferred, or inherited; provided, how-
ever, that any proposed sale, lease, assignment,
or transfer shall be first presented in writing
to the Commission for its approval or disapproval
and the Commission may disapprove such proposed
sale, assignment, lease, or transfer if it be
found and determined by the Commission that such
proposed sale, assignment, lease or transfer is
not in good faith or that the proposed purchaser,
assignee, lessee, or transferee is not capable of
continuing the operation of the equipment proposed
to be sold, assigned, leased, or transferred in such
manner as to render the services demanded in the
best interest of the public; * * *"

Each of such sections is silent as to whether or not
the giving of notice is required upon presentation of an ap-
plication to sell a permit; it is our opinion that no notice
is required.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 14, 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong

Lloyd Armstrong.
Assistant

LA:EP



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN